```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ISABEL CAIRO, *pro se*,                                   :
                                                          :
                    Plaintiff,                            :
                                                          :
         -against-                                        :      **MEMORANDUM AND ORDER**
                                                          :         15-CV-5171 (DLI)
COMMISSIONER OF SOCIAL SECURITY,                          :
                                                          :
                    Defendant.                            :
----------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Isabel Cairo ("Plaintiff") filed the instant action, *pro* se, against the Commissioner of Social Security ("Commissioner") appealing the Commissioner's decision granting her July 20, 2009 application for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). *See* Certified Administrative Record ("R"), Dkt. Entry No. 9 at 119-21, 157. The Commissioner moves for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), seeking dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and because the appeal is untimely pursuant to Fed. R. Civ. P. 12(b)(6). *See* Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings ("Def.'s. Mem."), Dkt. Entry No. 13. Plaintiff opposes the Commissioner's motion. *See* Pl.'s Aff. in Opp'n to Def.'s Mot. ("Pl.'s Aff."), Docket Entry No. 11. For the reasons set forth below, the Commissioner's motion is granted and the instant appeal is dismissed.

## BACKGROUND

After Plaintiff filed her application seeking disability insurance benefits and supplemental security income under the Act, Administrative Law Judge Lori Romeo (the "ALJ") issued a written decision on May 21, 2010, concluding that Plaintiff was not disabled within the meaning of the Act. R. 8-19. On July 29, 2011, the ALJ's decision became the Commissioner's final decision

when the Appeals Council denied Plaintiff's request for review. R. 1-4. On August, 8, 2011, Plaintiff filed an appeal seeking judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g). *See Cairo v. Commissioner of Social Security* No. 11-cv-03839 (DLI), Dkt. Entry No. 1. On March 26, 2013, this Court issued a Memorandum and Order ("M & O") remanding the case to the Commissioner for further administrative proceedings. *See Cairo v. Comm'r of Soc. Sec.*, 2013 WL 1232300 (E.D.N.Y. Mar. 26, 2013).

On remand, the Appeals Council vacated the ALJ's decision on April 19, 2013, and directed further administrative proceedings be held consistent with the M & O. R. 475-77. The ALJ held two hearings on April 7, 2014, and September 24, 2014. R. 332-401; 302-29. At both hearings, Plaintiff appeared and was represented by counsel. *Id.* During the September 24, 2014 hearing, Plaintiff's counsel discussed with the ALJ amending Plaintiff's disability onset date in order to facilitate a favorable decision by the ALJ. *Id.* at 321-25. By letter dated November 24, 2014, Plaintiff, through counsel, requested that the ALJ amend her alleged disability onset date from May 15, 2009, to January 1, 2013. *Compare* R. 205, 458, *with* R. 658. On March 31, 2015, the ALJ issued a decision finding that Plaintiff was disabled, eligible for supplemental security income, and entitled to disability insurance benefits commencing January 1, 2013. R. 288-301.

On June 1, 2015, the ALJ's decision became the Commissioner's final decision when the time for the Appeals Council to review the ALJ's decision expired. R. 289. Plaintiff filed the instant appeal seeking review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff asserts that the Commissioner denied her benefits improperly for the years 2009-2012. Pl.'s Aff. at 1-3.

**DISCUSSION**

I.  **Legal Standard for Dismissal**

"Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion." *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp.3d 232, 239 (S.D.N.Y. 2015) (internal citation and quotation marks omitted); *Riley v. City of N.Y.*, 2014 WL 11460471, at *2 (E.D.N.Y. Oct. 29, 2014). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "lack of subject-matter jurisdiction." In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint; however, it should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Id.*

In reviewing the complaint, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Accordingly, the Court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted); *Weixel v. Board of Education of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002). While the heightened pleading standards set by *Twombly* and *Iqbal* are not

necessarily dispensed with in considering *pro se* submissions, the court still must construe *pro se* complaints liberally. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, this liberal construction requirement does not absolve a *pro se* plaintiff of the obligation to "'plead sufficient facts to state a claim that is plausible on its face.'" *Chukwueze v. NYCERS*, 891 F. Supp.2d 443, 450 (S.D.N.Y. 2012) (internal citation omitted).

## II. Judicial Review Under the Social Security Act

Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision" by initiating a civil action in federal district court. The Second Circuit has held that "judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x 74, 75 (2d Cir. 2009) (Summary Order) (quoting *Jones v. Califano,* 576 F.2d 12, 19 (2d Cir. 1978)).

The Commissioner argues that, because the decision Plaintiff received was fully favorable to her, it is not reviewable by this Court under the Act. Def.'s. Mem. at 4-6. The Court agrees. Here, although Plaintiff originally alleged a disability onset date of May 15, 2009, R. 205, her attorney "with [Plaintiff's] consent . . . request[ed] that the onset of disability be amended to January 1, 2013[.]" R. 658. Subsequently, the ALJ issued a decision finding that Plaintiff "has been disabled . . . since January 1, 2013." R. 300-301. The ALJ's decision was fully favorable to Plaintiff, as it adopted the amended disability onset date Plaintiff requested. Accordingly, the appeal is dismissed because the Court lacks jurisdiction to review a fully favorable decision. *See Bennerman v. Commisioner of Soc. Sec.*, 2013 WL 6796351, at *3 (E.D.N.Y. Dec. 23, 2013);

*Figueroa v. Comm'r of Soc. Sec.*, 2013 WL 3481317, at *3 (S.D.N.Y. July 11, 2013); *Coles v. Astrue*, 2012 WL 695849, at *3 (E.D.N.Y. Mar. 5, 2012).

Plaintiff argues that the ALJ denied her benefits for "the years 2009, 2010, 2011, and 2012." Pl.'s Aff. at 1.[1] The Court liberally construes Plaintiff's argument to contend that the Commissioner's decision was not fully favorable. In the Second Circuit, absent evidence of coercion or deception, "counsel's concession and amendment of the period under review [are] within his authority" and "the attorney's conduct is imputed to [the plaintiff]." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). Here, the record states that Plaintiff "appeared in person," R. 304, at the September 24, 2014, where her counsel and the ALJ discussed amending the disability onset date. After the hearing, Plaintiff does not assert, and there is no evidence in the record, that she was coerced or deceived into "consent[ing]" to amend the disability onset date. R. 658. Accordingly, Plaintiff's argument is meritless and does not alter the conclusion that she received a fully favorable decision from the Commissioner based on the disability onset date she proposed. As such, the ALJ's decision is unreviewable by this Court.[2] *See Stewart v. Astrue*, 2012 WL 32615, at *2 (E.D.N.Y. Jan. 4, 2012) (dismissing action where plaintiff's counsel stipulated to new disability onset date); *Louis v. Comm'r of Soc. Sec.*, 2008 WL 1882707, at *2 (N.D.N.Y. Apr. 10, 2008).

---

[1] It appears that for the first time on appeal, Plaintiff makes passing reference to not receiving "all the benefits for the years approved" by the Commissioner. Pl.'s Aff. at 1. Assuming that this issue is properly before the Court, even liberally construed, it is substantively insufficient to merit review because it constitutes nothing more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Because the Court lacks jurisdiction to review the Commissioner's decision, it does not need to reach the Commissioner's argument that the action is untimely. *See GM v. Massapequa Union Free Sch. Dist.*, 2015 WL 4069201, at *2 (E.D.N.Y. July 2, 2015); *Saleh v. Holder*, 84 F. Supp.3d 135, 138 (E.D.N.Y. 2014).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is granted and Plaintiff's appeal is dismissed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2017

/s/
DORA L. IRIZARRY
Chief Judge